Filed 11/22/13  In re Raymond M. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re RAYMOND M., JR., a Person Coming Under the Juvenile Court Law. | B247721 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND M., JR.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. YJ36102) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin Brown, Judge, and Wayne C. Denton, Commissioner.  Affirmed.

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*

In a petition filed under Welfare and Institutions Code section 602, Raymond M., Jr., was charged with second degree robbery in violation of Penal Code section 211. The trial court found the petition true beyond a reasonable doubt and sustained the petition. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case.

On January 24, 2013, the victim, Carlo G., was waiting for a train. Appellant walked up to Carlo and asked what kind of phone he had. Carlo did not know appellant and had never seen him before, but he told appellant he had an iPhone. Carlo's phone was in his pocket. Approximately three minutes later, appellant approached Carlo again, along with five other people who stood behind appellant. Appellant stopped approximately three feet in front of Carlo and told Carlo to hand over his phone. Carlo refused to hand over his phone and appellant punched him in the face. Some of appellant's companions moved behind Carlo and started punching Carlo in the back. Carlo was hit several more times from the front as well. Appellant told Carlo to hand over his phone again, and Carlo gave appellant a second phone he had on him, an Android. Carlo suffered a broken tooth, bleeding, and bruising from the attack. The prosecution played a surveillance video from the incident at the adjudication hearing.

Several days after the attack, Carlo identified appellant from a six-pack photographic lineup based on appellant's face and his clothing in the photograph. Carlo also identified appellant in court as the person who ordered him to turn over his phone and attacked him. Appellant testified in his own defense and denied that he ordered Carlo to hand over the phone and hit Carlo.

After sustaining the petition, the court found appellant in violation of his probation in a previous matter, revoked his home on probation order, and placed him in the custody of the probation department, where he was to be sent to a camp community placement program for a term of three months. The court set the maximum term of physical confinement at five years. It also ordered appellant to pay restitution and gave him 50 days of predisposition credit.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende*, *supra*, 25 Cal.3d at page 441. On September 5, 2013, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. Appellant did not file a supplement brief.

We have examined the entire record. We are satisfied that no arguable issues exist and that appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende*, *supra*, 25 Cal.3d at p. 441; see also *People v. Kelly*, *supra*, 40 Cal.4th at pp. 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

3